**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

CLARISSA RUDINSKY,

       Plaintiff,

v.                                             Case No:  2:12-cv-527-FtM-38UAM

PAN-AMERICAN LIFE INSURANCE
COMPANY,

       Defendant.
_____/

## **ORDER**[1]

      This matter comes before the Court on Parties' Stipulation of Dismissal With Prejudice (Doc. #26) filed on March 11, 2013.  In this case brought pursuant to ERISA, the Parties inform the Court that this matter has settled and request that the Court retain jurisdiction to enforce the terms of the settlement.

      Fed. R. Civ. P. 41(a)(1) provides that an action may be dismissed by the plaintiff without order of the court by filing (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared.  The stipulation at issue has been signed by both parties to the settlement.  However, the Stipulation requests that the

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Court retain jurisdiction of the instant action for the purposes of enforcing the terms of the Settlement Agreement between the Parties.

In Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272 (11th Cir. 2012), the Eleventh Circuit interpreted the United States Supreme Court decision of Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375 (1994), "to mean that the parties must agree to the district court's order retaining jurisdiction, not that the district court may enter a dismissal order when it would otherwise lack jurisdiction to do so." 677 F.3d at 1280. Because it is self-executing, a court has no authority to enter an order after a Rule 41(a)(1)(A)(ii) stipulation becomes effective. Id. Thus, a district court can retain jurisdiction over a settlement agreement in two ways: "either (1) the district court must issue the order retaining jurisdiction under Kokkonen prior to the filing of the stipulation, or (2) the parties must condition the effectiveness of the stipulation on the district court's entry of an order retaining jurisdiction." 677 F.3d at 1280.

Here, the Parties' Stipulation (Doc. #26) appears to be conditioned on the Court retaining jurisdiction over the case to enforce the terms of the Settlement Agreement between the Parties. As a general matter, the Court is not inclined to do so. Thus, the Parties are directed to file a joint notice informing the Court of why and how long they wish the Court to retain jurisdiction over the Settlement Agreement. In the meantime, the Court will defer ruling on the Parties' Stipulation of Dismissal with Prejudice.[2]

Accordingly, it is now **ORDERED:**

---

[2] The District Court previously directed the Clerk to close this case pursuant to the notice of settlement on February 19, 2013. (Doc. #25). In that Order, the Court indicated that the action was dismissed subject to the right of any party within sixty days to submit a stipulated form of final order or judgment. The Parties' filed the instant Stipulation of Dismissal With Prejudice within that 60 days. Therefore, the Court will direct the Clerk to reopen the matter for the purposes of determining whether the Court will retain jurisdiction and approve the stipulation.

(1) The Clerk is directed to **reopen this case**.

(2) The Court **DEFERS ruling** on the Parties' Stipulation of Dismissal With Prejudice.

(3) The Parties are **directed** to file a joint notice by **July 12, 2013**, informing the Court of why and how long they wish the Court to retain jurisdiction over this matter.

**DONE** and **ORDERED** in Fort Myers, Florida this 8th day of July, 2013.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

3